OPINION
{¶ 1} On November 9, 2000, appellant, Jack Emrich, was walking down a hallway within Grady Memorial Hospital, appellee herein, after visiting his mother. Appellant slipped and fell and sustained injuries. It was alleged that although a "wet floor" sign was in the hallway, the floor was not wet from mopping but was covered with floor stripper, applied by an employee of appellee, Capital Services, Inc. Capital Services provides janitorial services to Hospital.
 {¶ 2} On October 28, 2002, appellant, together with his wife, Nancy Emrich, filed a complaint against appellees for negligence. Appellees filed motions for summary judgment. By judgment entry filed March 11, 2004, the trial court granted the motions and dismissed appellants' complaint.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed reversible error and/or abused its discretion in granting defendants-appellees motion for summary judgment on the basis of inaccurate facts and information, wrongfully failing to consider exhibits and evidence, and not supported by the record in violation of a person's right to trial by jury, rule 56 of the Ohio Rules of civil procedure, Section 2315.19 of the ohio revised code, the due process clauses of the United States and Ohio constitutions, and is against the manifest weight of the evidence."
 II {¶ 5} "The trial court committed reversible error and/or abused its discretion by judge w. duncan whitney not voluntarily recusing himself from the proceedings of the case at an earlier stage and by wrongfully denying plaintiff his fundamental right to due process and his constitutional right to be heard, to fairly present one's position, and to contest or challenge the position of the opposing party by trial by jury in violation of the due process clauses of the United States and Ohio constitutions, Ohio revised Code § 2701.03, the code of judicial conduct, canons 2 and 3, and against the manifest weight of the evidence."
 I {¶ 6} Appellants claim the trial court erred in granting summary judgment to appellees. We agree in part.
 {¶ 7} The issues raised can be divided into three categories. First, was Capital Services an independent contractor of Hospital? Second, is the cleaning of hospital floors tantamount to engaging in an inherently dangerous undertaking? Lastly, did Capital Services breach its duty of the standard of care toward appellants?
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 9} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4, 0.03d 466, 472, 364 N.E.2d 267, 274."
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 11} Preliminarily, appellants argue the trial court erred in not considering the report of their expert, Bernard J. Krotchen, attached to their January 16, 2004 memorandum contra as Exhibit 6. This argument is not separately assigned as error, but is argued within this assignment of error and is vaguely referenced in the "Issues Presented." See, Appellants' Brief at xviii.
 {¶ 12} In National City Bank v. Victor Building Company,Inc. (October 20, 2000), Lucas App. No. L-99-1311, our brethren from the Sixth District stated the following:
 {¶ 13} "The evidence submitted in support of or in opposition to a motion for summary judgment must be competent within the legal meaning of that word. Sweet [v. D'Poo's (Feb. 3, 1994), Cuyahoga App. No. 65873], supra; see, also, Jackson v. AlertFire and Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. Ordinarily, this means that a document submitted must be authenticated in some manner. Most commonly, authentication may be had by the testimony of someone with knowledge that the document is what it is claimed to be. Evid. R. 901(B)(1)."
 {¶ 14} In its judgment entry of March 11, 2004, the trial court found the report was not of affidavit or evidentiary quality and disallowance it. We concur. The report is a copy that is not in affidavit form, and does not contain a curriculum vitae of the expert. Upon review, we find the trial court did not err in not considering the report.
 HOSPITAL {¶ 15} Appellants conceded that Capital Services was an independent contractor. See, Appellants' January 16, 2004 Memorandum Contra at 8. Therefore, the trial court did not err in finding such a relationship.
 {¶ 16} Generally, an employer is not liable for the negligent acts of an independent contractor. Pusey v. Bator,94 Ohio St.3d 275, 279, 2002-Ohio-795. However, there are exceptions:
 {¶ 17} "There are, however, exceptions to this general rule, several of which stem from the nondelegable duty doctrine. Nondelegable duties arise in various situations that generally fall into two categories: (1) affirmative duties that are imposed on the employer by statute, contract, franchise, charter, or common law and (2) duties imposed on the employer that arise out of the work itself because its performance creates dangers to others, i.e., inherently dangerous work. Prosser Keeton, The Law of Torts (5 Ed. 1984) 511-512, Section 71; Albain v. FlowerHosp. (1990), 50 Ohio St.3d 251, 260-261, 553 N.E.2d 1038,1047-1048. If the work to be performed fits into one of these two categories, the employer may delegate the work to an independent contractor, but he cannot delegate the duty. In other words, the employer is not insulated from liability if the independent contractor's negligence results in a breach of the duty." Id.
 {¶ 18} The question sub judice then is whether the cleaning of the floor was inherently dangerous thereby impugning liability back to appellee Hospital or there was evidence of negligent hiring of Capital Services by Hospital.
 {¶ 19} In Pusey at 279-280, Justice Douglas defined when an independent contractor's work can be termed inherently dangerous:
 {¶ 20} "Work is inherently dangerous when it creates a peculiar risk of harm to others unless special precautions are taken. See Covington Cincinnati Bridge Co. v. Steinbrock Patrick (1899), 61 Ohio St. 215, 55 N.E. 618, paragraph one of the syllabus; 2 Restatement of the Law 2d, Torts, Section 427; Prosser Keeton at 512-513, Section 71. Under those circumstances, the employer hiring the independent contractor has a duty to see that the work is done with reasonable care and cannot, by hiring an independent contractor, insulate himself or herself from liability for injuries resulting to others from the negligence of the independent contractor or its employees.Covington at paragraph one of the syllabus.
 {¶ 21} "To fall within the inherently-dangerous-work exception, it is not necessary that the work be such that it cannot be done without a risk of harm to others, or even that it be such that it involves a high risk of such harm. It is sufficient that the work involves a risk, recognizable in advance, of physical harm to others, which is inherent in the work itself. 2 Restatement of the Law 2d, Torts, at 416, Section 427, Comment b.
 {¶ 22} "* * *
 {¶ 23} "The inherently-dangerous-work exception does apply, however, when special risks are associated with the work such that a reasonable man would recognize the necessity of taking special precautions. The work must create a risk that is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity arising out of the particular situation created, and calling for special precautions. 2 Restatement of the Law 2d, Torts, at 385, Section 413, Comment b; Prosser Keeton at 513-514, Section 71."
 {¶ 24} The cleaning of a linoleum floor does not fit the definition supra, despite any allegation of a specific chemical used. We note there is not any evidence of a specific chemical or modus of cleaning used; only a veiled inference. Therefore, we conclude the trial court did not err in determining the actions of Capital Services were not inherently dangerous.
 {¶ 25} Appellants' memorandum contra to Hospital's motion for summary judgment did not raise any genuine issues of material fact on the question of negligent hiring.
 {¶ 26} Based upon Capital Services's status as an independent contractor and no evidence of inherently dangerous work or negligent hiring, we find the trial court appropriately entered summary judgment for Hospital.
 CAPITAL SERVICES {¶ 27} In Simmers v. Bentley Construction Co.,64 Ohio St.3d 642, 1992-Ohio-42, syllabus, the Supreme Court of Ohio held the following:
 {¶ 28} "An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property."
 {¶ 29} The Simmers court at 645 stated that since Bentley had no property interest in the premises, they "must look to the law of negligence to determine Bentley's duty of care, and then consider the significance of the factual finding that the hole was open and obvious." The Simmers court explained:
 {¶ 30} "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. * * * Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone. * * *" (Citations omitted.)
 {¶ 31} The appropriate standard is the duty to care. The duty to appellants in this case depends upon the relationship between the parties and the foreseeability to someone in appellant's position. It is clear the hallway wherein appellant slipped was a well-traveled corridor in the hospital and Capital Services should have known individuals would traverse the area. The standard of care would be a general negligence standard. The issue therefore is whether the "yellow placard" warning of caution was sufficient given the nature of the floor.
 {¶ 32} Pursuant to summary judgment standard, we must presume the evidence in a light most favorable to the non-moving party, appellants herein. Upon seeing the caution "wet floor" sign, appellant assumed the floor was wet with water. J. Emrich depo. at 99. After seeing the sign, appellant noticed the floor was dull so he proceeded past the "wet floor" sign, took two steps and fell. Id. at 91, 98. Appellant described the floor's condition as "[z]ero tension," "[e]xtremely super slippery" and "slipperier than oil." Id. at 101, 112. Given the condition of the floor, it was impossible for appellant to have walked on it. Id. at 112. We must presume the substance on the floor was not water. Given the general negligence standard to be used, we find the facts construed most favorable to appellants raise genuine issue of material fact as to whether the "wet floor" sign was sufficient warning to appellant.
 {¶ 33} Upon review, we find the trial court erred in granting summary judgment to Capital Services.
 {¶ 34} Assignment of Error I is denied as to Hospital and granted as to Capital Services.
 II {¶ 35} Appellants claim the trial court erred in not sua sponte recusing himself from the case because of his prior representation of the county as Delaware County Prosecuting Attorney. We disagree.
 {¶ 36} The proper procedure when a party feels that the trial judge should be recused is to file an affidavit of disqualification "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled * * *." R.C. 2701.03(B). No such request was made sub judice until after the granting of summary judgment on March 11, 2004. Therefore, appellants' request was untimely.
 {¶ 37} Assignment of Error II is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and reversed in part. Costs to be divided, one half to be paid by appellants and one half to be paid by appellee Capital Services.