OPINION
{¶ 1} Plaintiffs-appellants, Nancy McCumbers and her husband Roger, appeal a decision of the Fayette County Court of Common Pleas granting summary judgment to defendant-appellee, YUSA Corporation, in a personal injury action.
 {¶ 2} In March 2001, Nancy McCumbers was a general duty kitchen employee for Derringer Food Services. YUSA had contracted with Derringer to operate its kitchen and cafeteria in its manufacturing plant in Fayette County, Ohio. During her work shift on March 1, 2001, Nancy slipped and fell on the kitchen floor in the immediate area of the commercial dishwasher. She suffered serious injuries as a result of the fall. The McCumbers filed a complaint against YUSA alleging negligence and loss of consortium. YUSA moved for summary judgment on the ground, inter alia, that YUSA was not liable for Nancy's injuries because Nancy was engaged in inherently dangerous work when she was injured.
 {¶ 3} On May 1, 2006, the trial court granted summary judgment to YUSA. The trial court found that (1) YUSA contracted with independent contractor Derringer to operate its cafeteria in the Fayette County plant; (2) YUSA owned and was responsible for all repair and maintenance of the cafeteria equipment; (3) Nancy was an employee of Derringer; (4) on March 1, 2001, another kitchen employee of Derringer informed Nancy that the dishwasher was malfunctioning; (5) YUSA maintenance employee Charles Farley, who had actual prior knowledge of this leak on February 28, 2001, performed repairs on the dishwasher's high pressure hose; (6) Farley did not clean up the area and water accumulated on the floor after he repaired the high pressure hose; and (7) Nancy slipped and fell on this accumulation of water located on the floor in the immediate area of the dishwasher. She had not noticed that the floor was wet prior to her fall. The trial court, based upon those findings of fact, then held that "[Nancy's] employment in the industrial kitchen/cafeteria was inherently dangerous. The Court further finds that [YUSA] did not actively participate in [Nancy's] work and did not fail to give any requisite warning of an abnormal danger. [YUSA] breached no duty owed to [Nancy]." This appeal follows.
 {¶ 4} In a single assignment of error, the McCumbers argue that the trial court erred by granting summary judgment to YUSA because kitchen employment is not inherently dangerous. We agree.
 {¶ 5} An appellate court's review of a summary judgment decision is de novo. Below v. Dollar Gen. Corp.,163 Ohio App.3d 694, 2005-Ohio-4752, ¶ 12. Under Civ.R. 56(C), summary judgment is properly granted if (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Id. The inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion. Hannah v. Dayton Power LightCo. (1998), 82 Ohio St.3d 482, 485.
 {¶ 6} Under R.C. 4101.11, an employer owes a duty of care to employees and frequenters and is required to provide the employees and frequenters with a safe place to work. As used in R.C. 4101.11, a frequenter includes an employee of an independent contractor. Eicher v. U.S. Steel Corp. (1987),32 Ohio St.3d 248, 249. In the case at bar, Nancy was a frequenter. The duty owed to frequenters is no more than a codification of the common law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge. Id.
 {¶ 7} However, the duty to frequenters under R.C. 4101.11
does not apply "to hazards which are inherently and necessarily present because of the nature of the work performed, where the frequenter is the employee of an independent contractor." Id. at syllabus. As stated in Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, "[w]here an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor. One who engages an independent contractor to do work for him ordinarily owes no duty of protection to the employees of such contractor, in connection with the execution of the work, who proceeds therewith knowing and appreciating that there is a condition of danger surrounding its performance." Id. at paragraphs one and two of the syllabus.
 {¶ 8} The determination of whether an activity is inherently dangerous generally has been made on a case-by-case basis. Frostv. Dayton Power Light Co. (2000), 138 Ohio App.3d 182, 194. In determining whether danger is inherent in the work itself, one should examine not only the specific task, but also the environment in which the task is performed. Id. 198. Inherently dangerous is not synonymous with inevitably catastrophic. For every occupation or task classified as inherently dangerous, one would still find the vast majority of cases where the work was undertaken without mishap or injury. See Tackett v. ColumbiaEnergy Group Serv. Corp., Franklin App. No. 01AP-89, 2001-Ohio-4090. Examples of inherently dangerous work include construction site work, working around electrical fields, installing preassembled roof trusses, painting a partially de-energized electrical station, and working above moving machinery. Frost at 194-195 (citations omitted).
 {¶ 9} Applying the foregoing principles to the case at bar, we find that the trial court erred by granting summary judgment to YUSA solely on the ground that working in an industrial kitchen or cafeteria is inherently dangerous. We note that the trial court failed to support its holding that work in an industrial kitchen or cafeteria is inherently dangerous with any findings at all. Certainly, the findings of fact made by the trial court in its decision do not support such holding. We further note that a review of the affidavits and depositions filed in this case do not support the trial court's holding. In addition, we have not found, and YUSA has not cited any cases in Ohio or in other states for the proposition that work in an industrial kitchen or cafeteria is inherently dangerous.
 {¶ 10} The trial court was apparently convinced by YUSA's argument (also made on appeal) that working in the YUSA kitchen/cafeteria was inherently dangerous because the kitchen had ceramic tiles; it was a wet and slippery environment due to the presence of coolers, ice machines, sinks, and the dishwasher, and the spilling of food and occasional splotches of water on the floor; and employees such as Nancy were required to wear rubber-soled shoes. However, the mere fact that employees were required to wear rubber-soled shoes and that there are or can be splotches of water and spilled food on the floor does not, as a matter of law, make working in such a place inherently dangerous. Wearing rubber-soled shoes is simply a standard precaution in a kitchen or cafeteria and nothing more. Food spillage and splotches of water in an industrial kitchen or cafeteria are ordinary risks that commonly confront persons working in a kitchen or cafeteria.
 {¶ 11} We therefore find that the trial court erred as a matter of law by finding that work in an industrial kitchen or cafeteria is inherently dangerous, and by granting summary judgment to YUSA solely on that basis. The assignment of error is sustained.
 {¶ 12} The judgment of the trial court is accordingly reversed and this matter is remanded to the trial court for further proceedings in accordance with the law and consistent with this opinion.
Powell, P.J., and Bressler, J., concur.