[Cite as *Perko v. Healthcare Servs. Group, Inc.*, 2021-Ohio-4216.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JACQUELINE PERKO,                    :

    Plaintiff-Appellant,          :

                                       No. 110267

    v.                                   :

HEALTHCARE SERVICES GROUP,
INC., ET AL.,                        :

    Defendants-Appellees.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 2, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-918996

---

## *Appearances:*

Paul Flowers Co., L.P.A., Paul W. Flowers, and Louis E Grube; Ciano & Goldwaser, L.L.P., Andrew S. Goldwasser, Sarah E. Katz, and Brent S. Silverman, *for appellant*.

Ulmer & Berne, L.L.P., Dolores P. Garcia Prignitz, and Kathryn Bartolomucci, *for appellees*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Jacqueline Perko, by and through her attorney in fact Laura Ward,[1] appeals the trial court's decision granting summary judgment in favor of Solon Pointe at Emerald Ridge, L.L.C., and Solon Management, L.L.C. (collectively "Solon Pointe") upon Perko's negligence claims, which stem from a slip-and-fall incident that occurred because of the conduct of an independent contractor hired by Solon Pointe. For the following reasons, we affirm.

{¶ 2} Perko lived at Solon Pointe's facility, which is a senior-living home offering assisted living and skilled nursing care. According to Perko's allegations, the facility is operating under R.C. Chapter 3721 with Perko being entitled to the resident's rights under R.C. 3721.13. Perko was injured at Solon Pointe's facility after slipping on a floor in a community room as it was being waxed.

{¶ 3} Solon Pointe hired Healthcare Services Group, Inc. ("HSG"), to perform housekeeping and laundry services at Solon Pointe's facility at the time of the incident. HSG's duties required it to occasionally strip and wax the facility's floors. On the day of Perko's injury, employees for HSG undertook the waxing task at the direction of HSG. In order to wax the floor, the wax must be applied and then

---

[1] On November 2, 2021, counsel for the appellant filed a suggestion of death indicating that Jacqueline Perko died on August 6, 2021, while this appeal was pending. No motion for substitution of a personal representative has been filed. If there is no representative, then the proceedings shall be had as the court of appeals may direct. *See* App.R. 29(A); *Hamilton v. Barth*, 1st Dist. Hamilton No. C-200027, 2021-Ohio-601, ¶ 2, fn. 1; *In re C.J.*, 2018-Ohio-931, 108 N.E.3d 677, ¶ 52 (10th Dist.). Despite the suggestion of death, we direct that this appeal proceed and be determined as if Perko was not deceased.

permitted to dry. During that process, the floor remains slippery and typically "wet floor" signs were set in place to warn pedestrians. In this case, the employees stepped away from the unfinished project without erecting signage or otherwise preventing access to the community room as the work was in progress, but a large, commercial drying fan was placed in the room to speed the drying process. Perko walked through the room, slipped, and fell. There is no dispute that HSG is an independent contractor hired by Solon Pointe to undertake the floor-waxing responsibilities.

{¶ 4} During pretrial proceedings, Perko settled her claims with HSG, but not before the trial court granted summary judgment in favor of Solon Pointe upon all of Perko's claims, rendering Solon Pointe's indemnification crossclaims advanced against HSG to be moot. It is this summary judgment ruling that Perko appeals following the dismissal of all claims against HSG.

{¶ 5} Summary judgment rulings are reviewed de novo, and appellate courts apply the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Review of summary judgment is governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*,

134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12.  Appellate courts provide no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶ 6} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that establish his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.  If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293.  If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 7} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981); *Salvati v. Anthony-Lee Screen Printing, Inc.*, 2018-Ohio-2935, 117 N.E.3d 950, ¶ 3 (8th Dist.), citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).  The status of the person who enters upon the land of another typically defines the scope of legal duty that the owner owes the entrant. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287.  In this case, Perko's status is irrelevant.  It can be

assumed that Perko was at least owed the due care as exercised by a reasonably prudent person under the circumstances to prevent foreseeable harm.

{¶ 8} This assumption exists because generally under Ohio law, owners of property are not liable for the negligent acts of an independent contractor hired to undertake a task. *Strayer v. Lindeman*, 68 Ohio St.2d 32, 34, 427 N.E.2d 781 (1981), citing 3 Ohio Jurisprudence 3d 332, Agency, Section 216; *Parton v. Weilnau*, 169 Ohio St. 145, 163, 158 N.E.2d 719 (1959); *Lynch v. Karas Trucking, Inc.*, 8th Dist. Cuyahoga No. 62606, 1993 Ohio App. LEXIS 3449, 3 (July 8, 1993) (the landlord had delegated the duty to an independent contractor, and since that particular duty to maintain a trash dumpster was not a nondelegable duty, the independent contractor's alleged negligence could not be imputed to the landlord).

{¶ 9} There is an exception to that general rule for a duty that is nondelegable. As Perko claims in this particular case, nondelegable duties generally arise when affirmative duties are imposed on the employer by statute or when those duties arise out of inherently dangerous work. *Pusey v. Bator*, 94 Ohio St.3d 275, 279, 2002-Ohio-795, 762 N.E.2d 968, citing Prosser & Keeton, *The Law of Torts*, Section 71, 511-512 (5th Ed.1984); *Albain v. Flower Hosp.*, 50 Ohio St.3d 251, 260-261, 553 N.E.2d 1038 (1990). As a result, unless Perko can demonstrate either (1) that the Solon Pointe had a nondelegable duty over the manner in which the floor was waxed, or in the maintenance of the community space, based on a statutory duty; or (2) that the act of waxing the floor was inherently dangerous as defined in common law, Solon Pointe is entitled to summary judgment based on the fact that

Solon Pointe delegated the cleaning and maintenance duty to an independent contractor whose conduct in undertaking that delegated responsibility constituted the negligent act.

{¶ 10} As to the first aspect of the nondelegable duty doctrine, a "landlord" who is under a duty to provide specified safeguards or precautions for the safety of others as created by statute or by administrative regulation, "'is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions.'" *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 421, 1994-Ohio-427, 644 N.E.2d 291, quoting 2 Restatement of the Law 2d, Torts, Section 424 (1965). If the statutory duty to provide safeguards and precautions exists, a

> "landlord who employs an independent contractor to perform a duty which the landlord owes to his tenant to maintain the leased property in [a] reasonably safe condition is subject to liability to the tenant, and to third persons upon the leased premises with the consent of the tenant, for physical harm caused by the contractor's failure to exercise reasonable care to make the leased property reasonably safe."

*Id.*, quoting Restatement of the Law 2d, Property, Section 19.1 (1977).

{¶ 11} R.C. 5321.04 establishes the statutory duty as between a "landlord" of a "residential premises" and its tenant, and as a result of that statutory duty, R.C. 5321.04 creates a nondelegable duty owed by the landlord to the tenant. *Strayer*, 68 Ohio St.2d at 36, 427 N.E.2d 781. Any landlord who contracts with an independent contractor to make repairs to a property is subject to the same liability to the tenant "for harm caused by the contractor's negligence in making or

purporting to make the repairs as though the contractor's conduct were that of the landlord." *Id.* at syllabus. Based on that black-letter law, Perko claims that because Solon Pointe's duty to maintain the premises was established by R.C. 5321.04, Solon Pointe had a nondelegable duty to monitor the acts of the independent contractor and the manner in which that floor maintenance was carried out.

{¶ 12} There is an inherent flaw with that analysis. R.C. 5321.04 is not applicable to Solon Pointe. R.C. 5321.04(A)(2)-(3) provides in pertinent part, that "a *landlord* who is a party to a rental agreement shall * * * make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition"; and shall "keep all common areas of the premises in a safe and sanitary condition." (Emphasis added.) *Id.* Under R.C. 5321.01(B), "landlord" is expressly defined as the owner, lessor, or sublessor of a "residential premises," but that statutorily defined term specifically excludes from its definition any "homes licensed pursuant to Chapter 3721 of the Revised Code." R.C. 5321.01(C)(2).

{¶ 13} In this case, Perko contends that Solon Pointe is an assisted-living and skilled nursing center with Perko being entitled to the resident's rights set forth under R.C. 3721.13. Under R.C. 3721.13(A)(1), the "rights of residents of a *home* shall include" a nonexhaustive, statutorily created list of rights, the specifics of which are not pertinent to this discussion. (Emphasis added.) *Id.* What is pertinent is that "home" is statutorily defined as

> an institution, residence, or facility that provides, for a period of more than twenty-four hours, whether for a consideration or not, accommodations to three or more unrelated individuals who are

dependent upon the services of others, including a nursing home, residential care facility, home for the aging, and a veterans' home operated under Chapter 5907. of the Revised Code.

R.C. 3721.01(A)(1)(a). R.C. 3721.13 is applicable to Perko only if Solon Pointe is a "home" licensed under R.C. Chapter 3721. Because the parties do not disagree that Perko is entitled to the resident's rights set forth under R.C. 3721.13, it must be concluded that Solon Pointe is not a "landlord" of a "residential premises" as statutorily defined under R.C. 5321.01, and therefore, the duties established under R.C. 5321.04 are not applicable to Solon Pointe. We, therefore, cannot apply the statutory duties enumerated under R.C. 5321.04 as against Solon Pointe in order to establish a nondelegable duty. R.C. 5321.04 does not create a statutory duty as owed by Solon Pointe, an owner of a "home" licensed under R.C. Chapter 3721.[2]

{¶ 14} In addition, R.C. 3721.13 does not establish statutory duties creating a nondelegable duty separate from R.C. 5321.04. Under the statutory scheme governing the resident's rights, "in order for a plaintiff to recover compensatory damages under R.C. 3721.17, the plaintiff must demonstrate that the violation of the resident's rights 'resulted from a negligent act or omission of the person or home and that the violation was the proximate cause of the resident's injury [or] death.'" R.C. 3721.17 provides residents of assisted-living or skilled nursing facilities, such as Perko, with the right to initiate an action for compensatory damages stemming from

---

[2] Perko also claims that an issue of fact exists as to whether Solon Pointe possessed actual or constructive knowledge of HSG waxing the floor based on Solon Pointe's nondelegable duty to maintain the premises under R.C. 5321.04. In light of the inapplicability of R.C. 5321.04 to establish the duty, Perko's actual or constructive notice argument is likewise without merit.

violations of R.C. 3721.13. *Altercare of Mayfield Village, Inc. v. Berner*, 2017-Ohio-958, 86 N.E.3d 649, ¶ 17 (8th Dist.). However, "because the statute itself requires negligent conduct in order to recover compensatory damages, R.C. Chapter 3721 does not establish statutory duties[,]" such that the statutory scheme can give rise to a nondelegable duty. *Id.* "[L]iability [under R.C. 3721.17] must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case." *Id.*, citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 370, 119 N.E.2d 440 (1954), at paragraph three of the syllabus, and *Zimmerman v. St. Peter's Catholic Church*, 87 Ohio App.3d 752, 762, 622 N.E.2d 1184 (2d Dist.1993). Thus, the default standard of care under R.C. 3721.17 is reliant on general tort principles that do not impute the liability of an independent contractor upon the employer.

{¶ 15} We acknowledge that the parties failed to discuss the inapplicability of R.C. Chapter 5321, and R.C. Chapter 3721 as alleged to apply against Solon Pointe. Even if we presumed that the trial court failed to consider the inapplicability of R.C. Chapter 5321 or the separate enforcement mechanism under R.C. 3721.17, however, it is well settled that "'an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.'" *O'Neal v. State*, 2020-Ohio-506, 146 N.E.3d 605, ¶ 20 (10th Dist.), quoting *Hassey v. Columbus*, 2018-Ohio-3958, 111 N.E.3d 1253, ¶ 33, (10th Dist.), *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990), and *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732

N.E.2d 485 (6th Dist.1999), fn. 3. In this case, as a matter of law, neither R.C. Chapter 5321 nor R.C. Chapter 3721 creates a statutory duty as between Solon Pointe and Perko for the purposes of establishing a nondelegable duty to avoid application of the general rule that the liability of an independent contractor is not imputed to the employer. Appellate courts cannot render decisions by ignoring the law, nor should we presume that the trial court overlooked pertinent legal definitions, standards, or binding authority. Perko has not demonstrated that Solon Pointe owes a nondelegable duty to its residents stemming from the duties established under R.C. Chapter 5321 or R.C. Chapter 3721.[3]

**{¶ 16}** In the alternative to the statutory duty, Perko claims that the act of waxing the floor was inherently dangerous, and as a result, Solon Pointe has a nondelegable duty to ensure the safety of others over the manner in which that "inherently dangerous" work is performed.

**{¶ 17}** "Work is inherently dangerous when it creates a peculiar risk of harm to others unless special precautions are taken." *Pusey*, 94 Ohio St.3d at 279, 2002-Ohio-795, 762 N.E.2d 968, citing *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick*, 61 Ohio St. 215, 55 N.E. 618 (1899), paragraph one of the syllabus, 2 Restatement of the Law 2d, Torts, Section 427, and Prosser & Keeton, *The Law of Torts*, Section 71, 512-513 (5th Ed.1984). As the Ohio Supreme Court explained,

---

[3] Our conclusion with respect to R.C. Chapter 3721 is limited to the arguments as presented in this appeal. In this case, there is no allegation that the negligent conduct goes beyond HSG's failure to post signage or otherwise warn pedestrians of the slippery surface caused by the ongoing waxing process.

however, the inherently dangerous exception is inapplicable in situations "where the employer would reasonably have only a general anticipation of the possibility that the contractor may be negligent in some way and thereby cause harm to a third party." *Id.* at 280. As an example of the inapplicability of the exception, the court explained that "one who hires a trucker to transport his goods should realize that if the truck is driven at an excessive speed, or with defective brakes, some harm to persons on the highway is likely to occur." *Id.* In that case, the act of driving the truck is not considered "inherently dangerous." *Id.*

{¶ 18} In this case, Perko claims that the failure to warn of the slippery floor, through either closing the community room or setting out "wet floor" signage, was the cause of her injuries. Appellant's brief p. 15 ("By failing to furnish warnings or prevent access to a public space during a process that rendered the floor dangerously slippery, the Defendants failed to meet their statutory duty."). Perko's situation falls into the purview of the Ohio Supreme Court's exemplar provided in *Pusey*. In this case, as with the hiring of a trucker to transport goods who drives at excessive speeds causing injury, the independent contractor's failure to erect signage or close the room in which the floor was being waxed is a negligent act that did not give rise to the inherently dangerous exception to the delegable duty doctrine. In order for the inherently dangerous work exception to apply, "the work must create a risk that is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity arising out of the particular situation created, and calling for special precautions." *Pusey* at 280,

citing 2 Restatement of the Law 2d, Torts, at 385, Section 413, Comment b; Prosser & Keeton, *The Law of Torts*, Section 71, 513-514 (5th Ed.1984).

{¶ 19} The routine act of waxing a floor, although it creates a slippery surface during the waxing process, is a "routine matter of customary human activity." There is no special danger associated with such a mundane task. *See, e.g., Emrich v. Grady Mem. Hosp.,* 5th Dist. Delaware No. 04CAE04030, 2004-Ohio-6753, ¶ 24 (the routine act of cleaning a linoleum floor is not an "inherently dangerous" task); *Sauter v. One Lytle Place*, 1st Dist. Hamilton No. C-040266, 2005-Ohio-1183, ¶ 12 (the act of cleaning a floor falls under general tort principles, and negligence is dependent on the landlord's knowledge of the danger); *McCumbers v. Yusa Corp.*, 12th Dist. Fayette No. CA2006-05-018, 2006-Ohio-5847, ¶ 10 (the fact that a tile floor can be made slippery does not support the conclusion that working in an industrial kitchen gives rise to the inherently dangerous work exception); *Stevens v. Highland Cty. Bd. of Commrs.*, 4th Dist. Highland No. 04CA8, 2004-Ohio-4560, ¶ 27 (mopping floors is not inherently dangerous work).

{¶ 20} In light of the fact that Solon Pointe delegated the floor-waxing responsibilities to the independent contractor, Solon Pointe cannot be held liable for the manner in which the floor-waxing process was completed because of the inapplicability of the nondelegable duty doctrine. In this case, the liability of an independent contractor is not imputed to the employer of the independent contractor. *Strayer*, 68 Ohio St.2d at 34, 427 N.E.2d 781.

**{¶ 21}** Perko has not demonstrated that Solon Pointe's duty was nondelegable, and as a result, Solon Pointe is entitled to summary judgment in its favor upon all claims because liability against Solon Pointe cannot be based on the negligent act of an independent contractor it hired to undertake the floor-waxing responsibilities under general tort principles. In light of the fact that Perko was unable to establish a statutory duty or a question of fact as to whether the process of waxing flooring is inherently dangerous, we cannot find error with the trial court's conclusion. The decision of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., CONCURS;
LISA B. FORBES., J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY WITH SEPARATE OPINION:

**{¶ 22}** I agree with the majority that the trial court properly granted summary judgment in favor of Solon Pointe. I write separately because, in light of

the record, I would decline to review this case under R.C. 3721.13. Specifically, I

disagree with the following analysis set forth in the majority opinion:

> Because the parties do not disagree that Perko is entitled to the resident's rights set forth under R.C. 3721.13, it must be concluded that Solon Pointe is not a "landlord" of a "residential premises" as statutorily defined under R.C. 5321.01 and, therefore, the duties established under R.C. 5321.04 are not applicable to Solon Pointe. We, therefore, cannot apply the statutory duties enumerated under R.C. 5321.04 as against Solon Pointe in order to establish a nondelegable duty. R.C. 5321.04 does not create a statutory duty as owed by Solon Pointe, an owner of a "home" licensed under R.C. Chapter 3721.

*Ante* at ¶ 13.

{¶ 23} First, I find no reference to any evidence in the record establishing

that Solon Pointe is "an owner of a 'home' licensed under R.C. Chapter 3721."

Neither party addressed that issue in the briefing to this court.

{¶ 24} Second, Perko's complaint did not allege a violation of, claim a right

under, or even reference R.C. 3721.13. Perko first raised the statute in her brief in

opposition to summary judgment, asserting that she was entitled to the rights of a

resident of a "home" under R.C. 3721.13 and arguing that the statute "permits the

jury to consider whether [she] is entitled to punitive damages * * *." Perko echoed

these sentiments on appeal. Furthermore, Perko specifically argued that Solon

Pointe is a residential landlord, she is Solon Point's tenant, and the duty Solon

Pointe owes her emanates from R.C. 5321.04(A)(2)-(3).

{¶ 25} Solon Pointe did not directly respond to Perko's alluding to

R.C. 3721.13. Rather, Solon Pointe referenced R.C. 3721.13 three times in its

appellate brief. Twice, Solon Pointe noted that Perko did not assert a cause of action under, or allege a violation of, R.C. 3721.13 in her complaint. The third reference to R.C. 3721.13 in Solon Pointe's brief was to reiterate Perko's claim that she is entitled to rights under R.C. 3721.13. Furthermore, Solon Pointe specifically argued that its only duty derived from common law and the Landlord-Tenant Act, R.C. Chapter 5321.

{¶ 26} Finally, the parties briefed extensively the duties imposed under the Landlord-Tenant Act and whether Solon Pointe was liable for the actions of its contractor. Specifically, the parties debated whether the duties delegated by Solon Pointe to HSG to wax the floor in the Rainbow Room were nondelegable as duties imposed by statute — R.C. 5321.04 — on Solon Pointe as landlord.

{¶ 27} Perko's complaint alleged one cause of action: ordinary negligence. To succeed on her claim, Perko must show that Solon Pointe owed her a duty. Both parties argued that under R.C. 5321.04(A)(3), a landlord owes a tenant the duty to "[k]eep all common areas of the premises in a safe and sanitary condition * * *."

{¶ 28} Solon Pointe delegated the task of floor-waxing to an independent contractor. Under common law and the facts of this case, the negligent acts of an independent contractor cannot be imputed to the principal, and I would find that Solon Pointe did not delegate a nondelegable duty.